GUGGOLZ v. CALLAN.

(Supreme Court, Appellate Term. November 10, 1898.)

1. EVIDENCE—MECHANIC'S LIEN—ADMISSIBILITY.
    A mechanic's lien, signed and sworn to by plaintiff, which contains declarations inconsistent with his claim, is admissible, in behalf of defendant in an action on such claim.

2. SAME—LETTER OF AGENT—PROOF OF AUTHORITY.
    A letter from the architect to plaintiff, stating that the latter was ordered by defendant to cease work, is inadmissible without proof that defendant authorized such letter.

Appeal from municipal court, borough of Bronx, Second district.

Action by William Guggolz against Rose Callan. Judgment was for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Norman A. Lawler, for appellant.
Samuel E. Duffey, for respondent.

PER CURIAM. We think that the judgment in favor of the plaintiff should be reversed, and a new trial ordered, on the following grounds:

1. The trial justice refused to allow the defendant to put in evidence a certain mechanic's lien, signed and sworn to by the plaintiff. This was error. The paper was admissible in view of the fact that it contained declarations under oath, made by the plaintiff, that were, to some extent at least, inconsistent with his claim in this action.

2. The trial justice also erred in admitting in evidence the letter from the architect Vreeland to the plaintiff, containing the statement that by order of the defendant he (plaintiff) was to cease work, without requiring proof of authority from the defendant to give any such notice. Although Vreeland was examined as a witness, and was competent to testify to the fact, he was not interrogated on the subject. The letter was of the utmost importance in its bearing upon the solution of a question of fact which was in dispute in the case, and upon which there was a sharp conflict of evidence between the plaintiff and the defendant. It should not, therefore, have been admitted without some proof tending to show that it had been written with the sanction of the defendant.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.